Filed 6/17/22  P. v. Clayton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C093090 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF191903) |
| v. | |
| BRANDON ALLEN JESSIE CLAYTON, | |
| Defendant and Appellant. | |

Defendant Brandon Allen Jessie Clayton pled no contest to felony criminal threats and felony corporal injury causing a traumatic condition on a spouse or child's parent. Pursuant to a plea agreement, the trial court sentenced him to the stipulated upper term on the count for inflicting corporal injury of four years in prison and a consecutive eight months for criminal threats.  Defendant filed this appeal.[1]

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine if there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Counsel advised defendant of his right to file a supplemental brief within 30 days

---

[1]    Defendant filed a timely notice of appeal on November 4, 2020, and the matter was fully briefed on March 6, 2022.

1

of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

After he was sentenced on October 19, 2020, but while this appeal was pending, the Legislature passed and the Governor signed Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731).  Effective January 1, 2022, that law amended Penal Code[2] section 1170, subdivision (b) to require the trial court to impose a sentence not to exceed the middle term unless defendant has stipulated to the facts that would justify an upper-term sentence or a jury or judge has found those facts to be true.  (§ 1170, subd. (b)(2).)  Given this new law, we directed the parties to submit supplemental briefing on its affect here.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The prosecutor filed an information charging defendant with felony criminal threats (count 1) and misdemeanor corporal injury on a spouse or child's parent (count 2) and with enhancement allegations of a prior strike conviction and a prior serious felony conviction.  As part of the plea agreement, the information was amended to add a count 3, felony willful infliction of corporal injury on a spouse or child's parent causing a traumatic condition and defendant would plead no contest to count 1 and count 3.  The plea agreement called for the court to release defendant for six weeks with a waiver of his sentencing rights under *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, and the requirement he report to the probation department.  If he complied with the terms of his release, defendant would be able to withdraw his plea to the criminal threats charge and would be sentenced to no more than the middle term on the remaining count.  The plea agreement also called for the dismissal of count 2 and the enhancements.  If defendant did not return to court for sentencing on February 18, 2020, the court would sentence him on count 1 and count 3 without any additional promises.

---

**2**     Further section references are to the Penal Code.

2

The prosecutor recited the factual basis for defendant's plea as follows:  Defendant went to the home of his estranged wife who was also the mother of their children.  After the two got into an argument, defendant slapped her across the face, resulting in a traumatic condition.  Defendant further threatened to kill the wife and any man with her.  Given her history with defendant and that statement, the wife was in reasonable fear for her life and called the sheriff.  Defendant stipulated to these facts and pled no contest to count 1 and count 3 as required by the plea agreement.

Defendant did not appear for sentencing as required on February 18, 2020, or report to the probation department.

On July 20, 2020, defendant returned to court.  Defendant informed the court he would like to withdraw his plea because his attorney was ineffective.  The trial court appointed conflict counsel who met with defendant and reported back to the trial court that there was no basis for defendant to withdraw his plea.

Defendant returned to the trial court for resentencing on October 19, 2020.  At that hearing, he requested a *Marsden*[3] hearing.  The court held that hearing and denied defendant's request.

At sentencing, the prosecutor reported it would dismiss the companion failure to appear case if defendant conceded he should be sentenced to the upper term on count 1.  Defendant admitted on the record he violated the terms of his release. Defendant further agreed to accept the plea agreement for a sentence of four years eight months (which included the upper term on count 1).  The trial court sentenced him to the upper term of four years in prison for inflicting corporal injury on his spouse or child's parent and a consecutive eight months in prison for the criminal threats.

---

[3] *People v. Marsden* (1970) 2 Cal.3d 118.

DISCUSSION

I

*Senate Bill No. 567*

On October 8, 2021, the Governor signed Senate Bill No. 567 (2021-2022 Reg. Sess.) into law. Senate Bill No. 567 became effective January 1, 2022, and made changes affecting the trial court's sentencing discretion. (Cal. Const., art. IV, § 8, subd. (c).) We solicited supplemental briefing from the parties on how this new law affects defendant's sentence.

As relevant here, Senate Bill No. 567 (2021-2022 Reg. Sess.) generally limits the trial court's ability to impose the upper-term sentence unless aggravating circumstances that justify the imposition of a term in excess of the middle term have been stipulated to by the defendant or found true beyond a reasonable doubt by a jury or the judge in a court trial. (§ 1170, subd. (b)(1), (2).)

Defendant argues the case should be remanded for resentencing. The People agree Senate Bill No. 567 should be retroactively applied here but argue this law does not benefit defendant because he stipulated to the sentence he received and the court lacks sentencing discretion to change that sentence. We agree with the parties Senate Bill No. 567 applies retroactively to defendant's case. (*People v. Flores* (2022) 75 Cal.App.5th 495, 500.)

The question becomes what is the impact of Senate Bill No. 567 on defendant's sentence here. In this case, the answer is none.

We find the logic of *People v. Brooks* (2020) 58 Cal.App.5th 1099, persuasive. There, the defendant agreed to a stipulated sentence in a plea agreement. (*Id.* at p. 1102.) After he was sentenced, the Legislature enacted section 1170.91, which retroactively required the trial court to consider trauma a defendant suffered as a result of military service as a factor in mitigation when imposing a sentence under section 1170. (*Brooks*, at pp. 1102-1103.) The trial court denied the defendant's petition to recall his sentence

4

pursuant to this new law, finding it had no power to resentence him because he had agreed to a stipulated term in his plea agreement. (*Ibid.*) The appellate court affirmed. (*Id.* at p. 1110.) The appellate court concluded because the defendant stipulated to the term of his sentence in his plea agreement, the trial court did not apply judicial discretion at the time it sentenced him and it had no discretion on resentencing, because to do so would unlawfully modify the terms of his plea agreement. (*Id.* at pp. 1106-1107.) Once the trial court accepted the plea agreement, it was required to impose a sentence within the limits of that plea bargain. (*Ibid.*) As a result, when the court sentences the defendant to that stipulated term, it is not exercising its triad sentencing discretion. (*Ibid.*) Put another way, " 'when a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation. Therefore, the trial court is not "imposing a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a).)' " (*Brooks*, at p. 1109.)

Here, the trial court sentenced defendant pursuant to his agreement to a stipulated sentence that included an upper term four-year sentence. The trial court accepted that plea agreement and upon sentencing did not exercise its discretion to impose the lower, middle, or upper-term sentence under section 1170, subdivision (b). Rather, the trial court had no discretion but to sentence defendant to that term. Because defendant was not sentenced under section 1170, subdivision (b), the retroactive changes brought about by the enactment of Senate Bill No. 567 do not affect his sentence.[4] We conclude the imposition of an upper-term sentence remains proper.

---

[4] Given that Senate Bill No. 567 (2021-2022 Reg. Sess.) does not apply here, we do not address defendant's argument he was required to expressly waive his right to a jury trial as to his sentencing.

## II

### *Wende Review*

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Renner, J.

/s/
Earl, J.

6